## STARK v. STATE. (No. 11843.)

Court of Criminal Appeals of Texas. May 23, 1928.

**1. Criminal law ⚖➔667(1)—Trial judge may prevent witness' recital of facts not in evidence and obviously irrelevant.**

The trial judge has the right to prevent a witness from reciting facts not in evidence and obviously irrelevant.

**2. Criminal law ⚖➔1119(2)—Refusal to permit witness to answer question as to occurrence after offense charged cannot be reviewed without information as to facts in bill of exceptions or explanation thereof.**

Alleged abuse of trial court's discretion to prevent witness' recital of facts not in evidence and obviously irrelevant, by refusing to permit state's witness to answer question in jury's presence as to occurrence in district attorney's office after commission of offense charged, cannot be reviewed, in absence of information in bill of exceptions or explanation thereof as to facts on which court acted.

Appeal from Criminal District Court, Harris County; Whit Boyd, Judge.

Ed Stark was convicted of theft of money, and he appeals. Affirmed.

Conrad E. Smith, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Theft of money is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

[1, 2] A plea of guilty was entered. Evidence was heard and the case was properly submitted to the jury. One bill of exceptions is found from which it appears that upon the examination of the state's witness Stewart, counsel for the appellant asked him this question: "Didn't you go to the district attorney's office and—". Objection was interposed, and the district attorney stated that he knew what the answer would be, and that the inquiry before the jury would be improper. The court remarked to counsel for the appellant that he might whisper the question to the judge privately. This he declined to do and insisted that the inquiry be made in the presence of the jury. He made no request that the jury be retired in order that the matter might be investigated. It is insisted in the bill that the procedure deprived the appellant of a public trial as guaranteed by article 1, § 10, of the Constitution of the State, and was violative of articles 2066 and 2067, R. S. 1911. The statutes mentioned pertain to the preparation of bills of exceptions and their applicability to the present matter is not perceived. In qualifying the bill the court stated that the inquiry related to an occurrence subsequent to the commission of the offense and was not a proper subject to go be-

fore the jury. Neither in the bill nor in the explanation thereof is the nature of the inquiry disclosed. The right of the trial judge to prevent the recital of facts not in evidence and obviously irrelevant cannot be questioned. An alleged abuse of the discretion cannot be reviewed in the absence of information in the appellate court of the facts upon which the trial court acted.

No error having been perceived, the judgment is affirmed.